UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LESA COADY,

        Plaintiff,

v.                                          C-1-08-893

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## ORDER

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 9), plaintiff's objections (doc. no. 12) and defendant's response (doc . no. 13). Plaintiff, a Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) claimant, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying plaintiff's application for DIB and SSI benefits. The Magistrate Judge concluded that there is substantial evidence to support the Commissioner's findings and recommended that the final decision of the Commissioner that plaintiff is not entitled to benefits be affirmed.

2

**I.**

**Plaintiff filed applications for DIB and SSI on October, 2005. Those applications were denied initially and on reconsideration. Plaintiff's request for a *de novo* hearing before the ALJ was granted and an evidentiary hearing was held in June, 2008. Plaintiff, who was represented by counsel at the hearing, testified as did Vocational Expert Janice Bending, Ph.D. In July 2008, the ALJ determined plaintiff was not entitled to benefits. Plaintiff pursued an appeal to the Appeals Council, which denied review in October 2008.**

**II.**

**Plaintiff objects to the Magistrate Judge's Report and Recommendation on the following grounds: First, she claims the ALJ should have found her hypertension and migraines to be severe impairments because they lead to more than minimal functional limitations, and these conditions remained relevant after her August 2006 aneurysm surgery since the aneurysm on the left side of her brain remained untreated. Plaintiff also claims the Magistrate Judge erred by failing to address her argument that her renal failure is a severe impairment because it leads to chronic fatigue, which limits one's ability**

3

to work.

Second, plaintiff claims that the Magistrate Judge erred by failing to accept her claimed error that the ALJ's assessment of her credibility was not supported by substantial evidence. Plaintiff alleges that the Magistrate Judge's determination is based on the erroneous finding that her hypertension was controlled. Plaintiff asserts that by June 2007, her physician observed that her hypertension was again uncontrolled, and the fact that the March 2006 records reflect no symptoms of her aneurysms or hypertension does not belie her subsequent complaints of migraine headaches and other symptoms. Plaintiff alleges that she consistently complained of headaches, even after her right aneurysm was clipped, because her left aneurysm remained untreated.

Third, plaintiff claims that the Magistrate Judge erroneously declined to accept her contention that the ALJ erred by failing to fully develop the record. Plaintiff asserts that although the ALJ's duty to fully develop the record is lessened to some extent when the claimant is represented by counsel, the duty nonetheless remains.

Finally, plaintiff claims that the Magistrate Judge erred by failing to

4

accept her fourth statement of error, which is the ALJ erred by failing to follow "the treating physician rule" and adopt the opinion of Dr. Khan. Plaintiff indicates that Dr. Khan's progress and other notes clearly reflect the timing and scope of her treatment. She alleges that while an ALJ may decline to give controlling weight to a treating provider's opinion when the opinion is not supported by objective findings and is inconsistent with other records, the ALJ is required to state how much weight he gives each opinion. Plaintiff contends that the ALJ committed reversible error by failing to do so in this case, and the Magistrate Judge did not address the argument in the Report and Recommendation.

III.

Judicial review of the Commissioner's decision is limited in scope by 42 U.S.C. § 405(g). The Court's sole function under the statute is to determine whether there is substantial evidence to support the Commissioner''s findings of no disability. The Commissioner's findings should stand if, after a review of the record in its entirety, the Court finds that the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Mullen v. Sec. of HHS*, 800 F.2d 535 (6th

5

Cir. 1986); *Kirk v. Sec. of HHS*, 667 F.2d 524 (6th Cir. 1981).

Upon a *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that the Commissioner's findings of no disability are supported by substantial evidence. Plaintiff's first objection is not well-taken because she points to no evidence in the record which substantiates her claim that her hypertension and migraines caused "more than minimal functional limitations" following her August 2006 surgery. Evidence that the aneurysm on the left side of plaintiff's brain remained untreated after her surgery and that she may have had periods where her hypertension was uncontrolled does not establish that these conditions imposed functional limitations on plaintiff. Plaintiff does not point to any medical evidence linking her untreated aneurysm to migraine headaches post-surgery. Moreover, although there is a notation in the medical records in June 2007 that plaintiff's hypertension was uncontrolled, plaintiff does not cite any medical evidence to show that this was a chronic situation which was causing ongoing functional deficits as of that date. Nor does plaintiff point to any evidence to show that she suffered from chronic fatigue caused by renal failure.

6

**Plaintiff's objection that the Magistrate Judge erroneously accepted the ALJ's credibility finding is likewise not well-taken. As noted by the Magistrate Judge, plaintiff's testimony as to the intensity of her symptoms was inconsistent with the medical evidence. Plaintiff alleges that she "consistently complained of headaches," but she does not substantiate her allegation with evidence that she complained to doctors or other medical personnel about headaches following her surgery. Nor is there any indication in the record that plaintiff sought treatment for her migraines post-surgery. Plaintiff testified she could not take ibuprofen for her headaches because of her high blood pressure, but she does not point to medical evidence in the record to show that prescription migraine medicines were contraindicted for her. Moreover, plaintiff's testimony fails to demonstrate that her headache pain was so severe as to cause functional deficits. She testified that she suffered from headaches at least six times a week, but she stated that she tried to treat the headaches simply by drinking water or by taking a Tylenol "if [her] headaches get out of control." Tr. 340. She did not testify how often that occurs. She also testified that the light "sometimes" bothers her when**

she has a headache, she can get nauseous, and she has thrown up from a headache, but she did not indicate how often she experienced these symptoms. *Id*. Accordingly, the ALJ did not err by finding that the medical evidence does not support the extreme limitations reported by plaintiff.

Third, plaintiff's objection regarding the ALJ's failure to fully develop the record is not well-taken. For the reasons stated by the Magistrate Judge, the ALJ did not abuse his discretion by failing to secure additional evidence in light of the information in the record.

As to plaintiff's final objection, while Dr. Khan is a treating physician, the ALJ did not err by failing to either adopt Dr. Khan's opinion that plaintiff was unable to work for specified periods of time or by failing to state how much weight he was according Dr. Khan's opinion. Dr. Khan provided two forms. On one form dated April 26, 2006, he simply checked a box indicating plaintiff was not "able to work at this time" and indicated that her inability to work was expected to last 11 to 12 months. Tr. 233. Dr. Khan did not provide additional information, including a diagnosis, on this form. On the second form dated September 12, 2006, Dr. Khan

indicated that plaintiff was unable to work, her inability to work was expected to last 12 months, and her diagnosis was brain aneurysm with surgery for clipping, hypertension and Hepatitis B. Tr. 247. Dr. Khan gave no rationale for his conclusions and he did not state any functional deficits resulting from the various impairments.

Title 20 C.F.R. § 416.927(d)(2) and § 404.1527(d)(2) provide that a treating physician's opinions on the nature and severity of a claimant's impairments must be afforded controlling weight absent a finding that the opinions are not supported by objective findings and are inconsistent with the other substantial evidence in the case record. *See also Wilson v. Commissioner of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004). If the ALJ declines to give the opinion controlling weight, he must apply certain factors in determining the weight to give the opinion. *Id.* Pursuant to subsection (d)(2), "a decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons

9

for that weight.'"  *Id.* (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996).  Statements by a medical source that a claimant is "disabled' or "unable to work" are not medical opinions under § 416.927(a)(2) and § 404.1527(a)(2), however, and no special significance is given to the source of an opinion on these issues.  20 C.F.R. §§ 416.927(e) and 404.1527(e).  Accordingly, Dr. Khan's opinions that plaintiff was unable to work are not "medical opinions" entitled to controlling weight or subject to (d)(2)'s procedural requirement.

Plaintiff's remaining contentions have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court.  The Court finds that the Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge that the Commissioner's decision is supported by substantial evidence in the record.

10

## IV.

Accordingly, the Court ADOPTS AND INCORPORATES BY REFERENCE HEREIN the Report and Recommendation of the United States Magistrate Judge.  The final decision of the Commissioner denying plaintiff Disability Insurance Benefits and Supplemental Security Income benefits is hereby AFFIRMED.  This case is TERMINATED on the docket of this Court.

IT IS SO ORDERED.

<u>S/ Herman J. Weber</u>
Herman J. Weber, Senior Judge
United States District Court